**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**


COLONY NATIONAL INSURANCE    :
COMPANY,                      :
                             :
     Plaintiff,              :
                             :    CIVIL ACTION NO.
v.                           :    2:10-CV-0028-RWS
                             :
THE TEAFORD COMPANY, INC., et :
al.,                         :
     Defendants.             :
                             :

## <u>ORDER</u>

     This case comes before the Court on: Defendants Darnell Bouler, Terry

Boykin, Scott Grant, and Walter L. Hite's Motion to Dismiss or, in the

Alternative, to Stay [22]; Defendants KEC, LLC, Teaford Canada, Inc., Teaford

Construction, LLC, Teaford Equipment Rental, LLC, Teaford International,

LLC, and The Teaford Company, Inc.'s ("Teaford Defendants") Motion to

Dismiss [23]; Defendant Louisiana-Pacific Corporation's Motion for Joinder

[24]; Defendant Paul Leger's Motion to Dismiss [25]; and the Teaford

Defendants' Motion to Add Parties [41].  After a review of the record, the Court

enters the following Order.

**I. Factual Background**[1]

On November 17, 2005, the Teaford Defendants and Louisiana-Pacific Corporation ("LPC") entered into a contract "whereby Teaford would engineer, construct, and install heat source equipment at LPC's oriented strant board mill project in Thomasville, Alabama ("OSB Mill Project")." As a part of working on the project, the Teaford Defendants were required to enroll in an owner controlled insurance program ("OCIP") and did so in September 2006.

On August 28, 2006, the Teaford Defendants applied for a general liability policy from Colony National Insurance Company ("Colony") which was submitted by the Teaford Defendants' independent insurance agent, Holman and Company ("Holman"). The 2006 policy included a "Wrap-Up Exclusion" Endorsement which excluded bodily injury or property damage which arose out of operations which were otherwise covered by a "consolidated (wrap-up) insurance program."

In July 2007, the Teaford Defendants requested to renew the 2006 Policy and Colony alleges that the Teaford Defendants intended to keep the Wrap-Up

---

[1]The facts are drawn from Plaintiff's Complaint and attached Exhibits. The Court does not make any findings of fact.

Exclusion, as evidenced by one portion of their application, but that application was not completely filled out.  Namely, the Schedule wherein the Defendants were to have listed any projects which were covered by a wrap-up program was "unintentionally" left blank.

On May 7, 2008, a fire and explosion occurred at the OSB Mill Project. Holman wrote to Colony on the Teaford Defendants' behalf, stating that while the policy was intended to exclude wrap-ups, coverage should still be available because the damages arguably were caused at the Defendants' Alpharetta location–apart from the OCIP-covered location.  However, Colony denied the claim due to the intent of the parties to obtain the wrap-up exclusion.

On June 19, 2009, four injured LPC employees (Bouler, Boykin, Grant, and Hite) sued the Teaford Defendants, LPC, and Paul Leger in the Circuit Court of Clarke County, Alabama, alleging various tort causes of actions. Defendant Leger, the four injured employees' co-employee, additionally cross-claimed against Teaford, citing similar tort claims for his own injuries.  The Teaford Defendants contacted Colony in January and March 2010, making clear that they expected Colony to cover the loss.

3

On March 3, 2010, Colony sued the Teaford Defendants, LPC, and the five LPC employees ("Injured Defendants") in this Court, seeking first a reformation of the policy and second, a declaratory judgment as to the parties' rights and obligations under the policy.   On March 31, 2010, the Teaford Defendants filed a third-party complaint against Colony, AXIS Speciality Insurance Company (the Teaford Defendants' umbrella provider) ("AXIS"), and Holman.  They asserted:  breach of contract, negligence and bad faith against Colony; a declaratory judgment against Colony and AXIS; and, breach of fiduciary duty, negligence, and breach of contract against Holman. All of the Defendants in this case then moved to dismiss this suit on various grounds and the Teaford Defendants moved to join AXIS and Holman in this suit.

## II. Discussion

### A. Injured Defendants Motions to Dismiss [22, 25]

The Injured Defendants have filed motions to dismiss citing, among other grounds, lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). All five Injured Defendants are Alabama residents–as confirmed by Plaintiff in its Complaint–and allege that they do not have contacts with Georgia.

4

Plaintiff has not responded to the Injured Defendants' personal jurisdiction arguments.  In fact, Plaintiff's only mention of these parties is in three footnotes where Plaintiff: 1) brings the Court's attention to Defendants Bouler, Boykin, Grant and Hites's "Evidentiary Submission" [30]; 2) cites these Defendant's invocation of a particular abstention case and 3) argues that under Georgia law they would not be necessary parties to a declaratory judgment action. See Dkt. No. [31] at 4 n.2-3; 11 n.4.

"[W]here the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present." Oldfield v. Pueblo de Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009). In its Complaint, Plaintiff lists the five Injured Defendants and states that they are all citizens of Alabama, but then summarily states "Defendants are each subject to the personal jurisdiction of this Court" without any additional evidence as to their contacts.  Dkt. No. [1] at ¶¶ 9-13, 18. Based on Plaintiff's allegations, this Court does not have jurisdiction.  Because Plaintiff does not elaborate on their Georgia contacts in its Complaint or in its Opposition brief, the Injured Defendants motions [22, 25] are **GRANTED**, and they are dismissed based on lack of personal jurisdiction.

5

B. Effect of Injured Defendants' Dismissal

Further, because the Injured Defendants are not properly in this suit,

Plaintiff's declaratory judgement action must also be dismissed.  Contrary to

Plaintiff's contention, the Injured Defendants are required parties to declaratory

judgment actions under Federal Rule of Civil Procedure 19.[2] Am. Safety Cas.

Ins. Co. v. Condor Assocs. Ltd., 129 Fed. Appx. 540, 542 (11th Cir. 2005);

Earnest v. State Farm Fire and Cas. Co., 475 F. Supp. 2d 1113, 1116 (N.D. Al.

---

[2]Plaintiff cited two Georgia cases for the proposition that the Injured Defendants are not necessary parties to this action.  See Dkt. No. [31] at 11 n.4.  However, in both Colonial Penn Insurance Co. v. Hart, 291 S.E.2d 410 (Ga. Ct. App. 1982) and Payne v. Twiggs County School District, 496 S.E.2d 690 (Ga. 1998), the courts addressed whether injured claimants would have a direct cause of action against an insurance company–not whether they were required parties in a declaratory judgment action. See Hart, 291 S.E.2d at 415 ("An insurer may not be joined as a party defendant with the insured and sued directly, [Cits.], unless a judgment has previously been obtained against the insured which is unsatisfied or liability has otherwise been fixed, [cits.], or unless a provision in the policy permits it, [cit.], or unless specifically permitted by statute as in the case of common carriers and contract motor carriers, [Cits.].") (emphasis added); Payne, 496 S.E.2d at 692 (finding that the injured claimant was not a third party beneficiary of the insurance policy and thus did not have standing to sue the carrier directly). Moreover, while the Court is sitting in diversity and thus Georgia substantive law applies, Federal Rule of Civil Procedure 19 ultimately controls this issue and the Court is bound to apply the federal procedural rule. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Hanna v. Plumer, 380 U.S. 460, 473 (1965) ("When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided Erie Choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions."). As Rule 19 is constitutional, it controls.

6

2007).  In <u>American Safety</u>, the Eleventh Circuit held that the district court

would have abused its discretion had it not followed the former Fifth Circuit's

opinion in <u>Ranger Insurance Co. v. United Housing of New Mexico</u>, 488 F.2d

682 (5th Cir. 1974).[3]  <u>Id.</u>  In applying the Rule 19(a) and (b)[4] factors, the <u>Ranger</u>

court held that tort claimants were Rule 19 indispensable parties to declaratory

judgment actions as between an insurance company and its insured because, in

proceeding without them, "the claimants' interests would be prejudiced."

<u>Ranger</u>, 488 F.2d at 684.  This position is further confirmed by the former Fifth

Circuit's take on this issue as far back as the 1930s.  In <u>Norris</u>, the court ruled

> [i]t would be very inconvenient if the federal court should, these [underlying injured parties] not being parties, decide that the [insurance] policy does not apply, and the [insurer] should not defend the actions and the [underlying injured parties] should recover and then the State court should decide the policy does apply. The interest of [underlying injured parties] in the question the Insurance Corporation is trying to get adjudicated by a declaratory judgment is real and substantial.... They ought to be retained as parties to be heard on it and to be bound by the result.

<u>Central Sur. & Ins. Co. v. Norris</u>, 103 F.2d 116, 117 (5th Cir. 1939) (<u>citing</u>

---

[3]The Eleventh Circuit has adopted as binding all decisions of the former Fifth Circuit prior to October 1, 1981. <u>Bonner v. Pritchard</u>, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

[4]For the wording of the Rule 19 tests applied in that case, <u>see</u> Section II(C), <u>infra</u>.

7

Central Sur. & Ins. Co. v. Caswell, 91 F.2d 607 (5th Cir. 1937)).  Therefore,

without the Injured Defendants, Plaintiff's declaratory judgment action cannot

proceed. The Teaford Defendants and Louisiana-Pacific's Motions to Dismiss

[23, 24] are **GRANTED** as applied to Plaintiff's Count II–Declaratory

Judgment.  Therefore, only Plaintiff's reformation count remains.

### C. Joinder of Axis and Holman

The Teaford Defendants additionally move to join AXIS, Teaford's

umbrella policy provider, and Holman, the Teaford Defendants' insurance

agent, as required parties under Rule 19 or alternatively, as permissive parties

under Rule 20.  The Teaford Defendants first argue that AXIS and Holman are

required parties under Rule 19.[5]  Rule 19 sets forth a two-part analysis. Laker

Airways, Inc. v. British Airways, PLC, 182 F.3d 843, 847 (11th Cir. 1999).

The court must first determine whether a person should be joined. Id.; see FED.

R. CIV. P. 19(a). If the person should be joined but cannot be joined, the court

---

[5]It should be noted that after filing its Supplemental Reply Brief per the Court's instruction, the Teaford entities filed an additional Supplemental Brief on this matter [51]. However, "[n]either the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies." Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (citing Byrom v. Delta Family Care-Disability and Survivorship Plan, 343 F. Supp. 2d 1163, 1188 (N.D. Ga. 2004)).  Therefore, this Court will not consider Dkt. No. [51] for purposes of Teaford's argument.

8

must consider "in equity and good conscience" whether the action can continue

without the presence of that person. <u>See</u>  Fed. R. Civ. P. 19(b).

> In deciding whether a person should be joined, the court will consider if:
>
> (A) in that person's absence, the court cannot accord complete relief
> among existing parties; or (B) that person claims an interest relating to
> the subject of the action and is so situated that disposing of the action in
> the person's absence, may: (i) as a practical matter impair or impede the
> person's ability to protect the interest; or (ii) leave an existing party
> subject to a substantial risk of incurring double, multiple, or otherwise
> inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

First, AXIS should clearly be joined.  AXIS is the umbrella policy

provider to The Teaford Company, Inc. and Teaford Construction, LLC

("Teaford entities").  The Teaford entities' umbrella coverage is contingent

upon whether "such wrongful acts, errors, or omissions are covered by the

underlying insurance . . ."–here, Colony. Dkt. No. [41-1] at 3. Therefore,

whether the underlying insurance policy should be reformed would have to be

resolved in any claim which Teaford brings against AXIS seeking coverage.  To

not join AXIS would subject the Teaford entities to the possibility of

inconsistent obligations.  AXIS is thus a required party.

AO 72A
(Rev.8/82)

Holman is also a required party.  The Teaford entities have, in the underlying suit, already sued Holman for breach of fiduciary duty, negligence, and breach of contract.  Dkt. No. [23-3].  Like AXIS, the reformation issue is also germane to the Teaford entities' claims against Holman.  Ultimately, their claims against Holman would only arise if they were provided an insurance program which did not cover all insurable risks–for instance, an insurance policy which reformed out any possible coverage bases.  If Holman were not joined, it would not be bound by this Court's reformation determination and the Teaford entities could be forced to litigate the issue twice–once in federal court and once in state court–with the possibility of contradictory outcomes.  This type of inconsistency warrants Holman's status as a required party.[6]

---

[6]Plaintiff has cited United States v. Rigel Ships Agencies, Inc., 432 F.3d 1282, 1291-92 (11th Cir. 2005) for the proposition that AXIS and Holman are not necessary parties because Colony can reform the policy without them or the Teaford entities can add them as third party defendants.  In Rigel Ships, the Eleventh Circuit found that the district court did not abuse its discretion when it did not allow an insurance bond surety to add the bond principal as a necessary party.  The surety was statutorily obligated to pay a fine to the U.S. government.  However, the Eleventh Circuit noted that the surety could institute an indemnity action against the principal on that specific bond obligation and in fact, the surety had already done so.  Here, neither AXIS nor Holman are obligated to indemnify the Teaford entities for any "reformation obligation" which arose out of their contractual dealings. This is not "liability over."

Since both parties are "required parties" under Rule 19(a), the Court must now determine if they feasibly can be joined and how they should be aligned as parties.  "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who [are] defendants." City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941).  "[I]t is the federal courts' duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute. This Court must work out the relation of each party to the suit according to the nature of his real interest, and then decide the question of jurisdiction."  Earnest, 475 F.Supp. 2d at 1117 (internal citations omitted).

The Teaford entities have sought to join AXIS and Holman as defendants in the action, while the Plaintiff argues they should be third party defendants under Rule 14.  This Court disagrees with both lines of argument. First, it should be noted that the only claim left before this Court is the reformation; the declaratory judgment action is dismissed.  Therefore, when looking to the parties' interests in this case, the Court is to look at their interest in the reformation alone.

11

AXIS is most appropriately joined as a party-plaintiff.  AXIS has already issued the Teaford entities a reservation of rights letter.  Because AXIS' obligations are predicated on those of Colony, AXIS' shares the same aims as Colony–not the Teaford entities.  Additionally, impleader under Rule 14 is inappropriate because that rule is intended for the situation which occurred in the underlying suit–where a defendant asserts that a third-party is responsible for "all or part of the claim against it." FED. R. CIV. P. 14(a)(1).  AXIS has no derivative liability to the Teaford entities; rather, it is the provider of coverage which only becomes available if the contract is reformed and another court finds coverage.  However, AXIS would clearly be advantaged if the Colony policy were reformed.  Therefore, its interests are aligned with Colony as a party-plaintiff. Because AXIS (Connecticut) is diverse from the Teaford Defendants (Georgia) and LPC (Tennessee and Deleware), diversity jurisdiction is proper, and AXIS can be joined as a required party under Rule 19.

Holman should also be added as a party-plaintiff.  Plaintiff cites Southern-Owners Insurance Co. v. Hayden, 2009 WL 3818379 (S.D. Fla. Nov. 13, 2009) for the proposition that an insurance agent should not be joined with an insurance company as a party-plaintiff in an insurance coverage action

because it is to the agent's advantage to assert that there should be coverage under the policy. However, that case involved a declaratory judgement action where the coverage issue was before the court. Here, all that is before this Court is the reformation issue, and Holman has taken a clear stand on this issue.

In its letter to Colony reporting the claim, Holman states that the "general liability policy was secured to provide coverage for any work performed by Teaford related to this project that occurred *away* from the Alabama construction site." Dkt. No. [1-7] at 1 (emphasis added). Further, it goes on to state that "the insured secured Colony's policy to provide coverage for operations at their shop while *excluding* work on the job-site premises because the OCIP has the coverage." Id. (emphasis added). Therefore, Holman's view as to the Teaford entities' purpose in purchasing the policy is consistent with Colony's–even Colony stated so in its Complaint. Dkt. No. [1] at ¶ 33 ("Holman acknowledged that the 2007 Colony Policy was intended to exclude projects covered by a wrap-up program."). Ultimately, this case is more like Casualty Indemnity Exchange v. High Croft Enterprises, Inc., 714 F. Supp. 1190 (S.D. Fla. 1989) where the agent was joined as a party-plaintiff because his interests were the same as the insurance company's.

This Court does acknowledge that beyond the reformation issue–specifically, how the intended policy should be applied–Holman and Colony diverge. <u>See</u> Dkt. No. [1-7] at 2 (". . .but the proposed plaintiff/claimants could allege that the work performed at Teaford's Alpharetta facility and not at the LP[C] job site caused the accident."). However, because <u>only</u> the reformation issue remains, Holman's position is consistent with that of Colony. Therefore, he would be most appropriately added as a party plaintiff.

Adding Holman as a party plaintiff, though, is not feasible as doing so would defeat complete diversity. Like the Teaford Defendants, Holman is a Georgia citizen. Therefore, this Court must determine if, under 19(b), this case should proceed without Holman or be dismissed. Rule 19(b) requires this court to consider various factors in determining whether the action should proceed.

> The court balances four factors in this analysis: (1) how prejudicial a judgment would be to the nonjoined and joined parties, (2) whether the prejudice could be lessened depending on the relief fashioned, (3) whether the judgment without joinder would be adequate, and (4)
>
> whether the plaintiff would have any alternative remedies were the case dismissed for nonjoinder.

<u>Laker Airways</u>, 182 F.3d at 848.

14

The Teaford entities would be prejudiced if Holman were not joined.  As seen above, the Teaford entities would be prejudiced if this Court found that the policy should be reformed and a state court decided–in an action against Holman for not providing sufficient coverage–the opposite.  Because the Teaford entities are ultimately seeking a recovery from Holman in the "alternative"–in that, if they win on the reformation claim and coverage is found, Holman would have provided sufficient coverage–it would be too costly not to bind Holman to the reformation determination.

Additionally, any coverage decision in the state declaratory judgment action would be predicated on the reformation claim.  In order to determine whether there is coverage, the courts must first determine what the policy says.  Therefore, the reformation action should bind all of the parties whose rights will subsequently be declared in the underlying state court action.  Otherwise, the state court will be forced to apply this Court's preclusive decision as between Colony and the Teaford entities, while having to decide on its own and litigate the effect of this Court's judgment as between the Teaford entities and Holman.  See Owners Ins. Co. v. Bryant, 2006 WL 50488 *3-4 (M.D. Ga. Jan. 9, 2006) (extending the Ranger reasoning to co-defendants in an underlying state action

AO 72A
(Rev.8/82)

and noting that <u>Ranger</u> was decided because of the concern that the tort claimants would have to litigate the effect of the federal court judgment). Such a possibility for inconsistences–even within the same suit–would be prejudicial to the Teaford entities.

Further, because the purpose of this suit is to simply reform the contract, there is no way that the relief could be fashioned in a way to avoid the prejudice. And, while the judgment without joinder would be adequate for Colony's purposes, it would not be for Teaford due to the possibility of inconsistent reformation determinations (as seen above). Lastly, Colony does have an alternative remedy if this Court dismisses the action. Colony can raise reformation as a counterclaim to the Teaford Defendant's third-party claim in the underlying state suit. There, all at-issue parties are joined and the reformation would be preclusive on Holman. For all the foregoing reasons, Holman is a required party without whom, in equity and good conscience, this suit cannot go forward. The Teaford entities' Motion for Joinder [24] is **GRANTED**, and AXIS and Holman are added as parties-plaintiff. Further, the

AO 72A
(Rev.8/82)

reformation claim is **DISMISSED, without prejudice** due to lack of subject matter jurisdiction based on lack of complete diversity.[7]

**III. Conclusion**

This Court hereby **GRANTS** the Injured Defendants' Motions to Dismiss or, in the Alternative, to Stay [22, 25] and the Teaford Defendants' Motion to Add Parties [41]. Additionally, the Teaford Defendants' Motion to Dismiss [23] and LPC's Motion for Joinder [24] are **GRANTED** as applied to Plaintiff's Count II–Declaratory Judgment. Plaintiff's Count I–Reformation Claim is **DISMISSED, without prejudice** due to lack of subject matter jurisdiction based on lack of complete diversity. Therefore, the Court **DISMISSES**, **without prejudice** this action in its entirety.

**SO ORDERED** this __25th__ day of October, 2010.

_____
**RICHARD W. STORY**
United States District Judge

_____

[7]The Court notes that because the Court is left with only the reformation claim, there is a substantial abstention issue in the case. But, because this case is properly dismissed on other grounds, the Court need not reach that issue at this time.

AO 72A
(Rev.8/82)